UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SARNITRA VALDERY-HUGHES on behalf of herself and all those similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CARE AND DEVELOPMENT CENTER, INC., GILBERT CHARLES, AND LAVERNE KING<br><br>    Defendants. | CIVIL ACTION NO.:<br><br>SECTION:<br><br>MAGISTRATE: |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

NOW INTO COURT through undersigned counsel comes Plaintiff, Sarnitra Valdery-Hughes, on behalf of herself and all others similarly situated, and files this Complaint against Defendants, Care and Development Center, Inc., Gilbert Charles and Laverne King ("Defendants"), seeking unpaid overtime and liquidated damages owed to them for not being paid overtime timely in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (hereinafter called the "FLSA"). In support of her Complaint, Plaintiff states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act to recover unpaid overtime wages and liquidated damages and reasonable attorney's fees and costs under the FLSA, 29 U.S.C. §201, *et seq.*

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because Jefferson Parish, Louisiana is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiff Sarnitra Valdery-Hughes was, and continues to be a resident of the State of Louisiana.

5. At all times material hereto Defendant Care and Development Center, Inc. was, and continues to be a Louisiana non-profit company. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in Jefferson Parish, Louisiana.

6. At all times material hereto Defendant Gilbert Charles was, and continues to be, a resident of the State of Louisiana and is engaged in business in Jefferson Parish, Louisiana. Charles is one of the owners and managing director of Care and Development Center, Inc. and, was directly involved in the event giving rise to the claims set forth herein and is alleged to be jointly and solidarily liable with the remaining Defendants as a joint employer of Plaintiffs and the proposed FLSA Collective Class plaintiffs.

7. At all times material hereto Defendant Laverne King was, and continues to be, a resident of the State of Louisiana and is engaged in business in Jefferson Parish, Louisiana. King is one of the owners and a director of Care and Development Center, Inc. and, was directly involved in the event giving rise to the claims set forth herein

and is alleged to be jointly and solidarily liable with the remaining Defendants as a joint employer of Plaintiffs and the proposed FLSA Collective Class plaintiffs.

## PLAINTIFF AND THE FLSA COLLECTIVE ACTION PLAINTIFFS ARE SUBJECT TO THE PROVISIONS OF THE FLSA

8. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. Specifically, Defendants run a business providing services to persons needing home care givers for payment in direct competition with for-profit businesses and thus engages in ordinary commercial activities that result in sales made or business done.

10. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

11. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "employees" of Defendants within the meaning of FLSA.

12. At all times material hereto, Defendants were the Plaintiff's and the FLSA Collective Action Plaintiffs' "employers" within the meaning of FLSA.

13. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Plaintiffs was directly essential to the business performed by Defendants.

## DEFENDANTS ARE PLAINTIFF'S AND THE FLSA COLLECTIVE ACTION PLAINTIFFS' JOINT EMPLOYERS

16. At all times material hereto, Defendants were Plaintiff's and the FLSA Collective Action Plaintiffs' "joint employers" within the meaning of FLSA.

17. Specifically, Defendants were so intertwined as to be indistinguishable.

18. Defendants jointly exercised control over the Plaintiff's and FLSA Collective Action Plaintiffs' schedules, rates of pay, how they performed their jobs and the equipment they used to perform their jobs and jointly implemented the payroll schemes complained of herein.

19. Specifically, Defendants signed contracts with clients in the Greater New Orleans Area to provide home care services to those persons in their homes.

20. Defendants then retained persons, such as Plaintiff and the FLSA Collective Action Plaintiffs to perform these services for Defendants' clients.

21. Plaintiff and the FLSA Collective Action Plaintiffs had no ability to independently contract with clients; all of their clients and business came from persons who had signed contracts for services with Defendants.

22. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Plaintiffs was directly essential to the business performed by Defendants.

## COLLECTIVE ACTION ALLEGATIONS

23. All previous paragraphs are incorporated as though fully set forth herein.

24. Plaintiff bring this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons in the United States, who, since December 2020, previously

worked or currently work for Defendants as home caregivers, also referred to as "Direct Service Workers", who worked in excess of 40 hours per week, but were not paid overtime for all hours worked in excess of 40 per week, thereby depriving them of federally mandated overtime pay for all hours worked in excess of 40 per week.

25. Plaintiff brings her overtime claims as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of Defendants that were wrongly classified as exempt from the overtime provisions of the FLSA and/or were wrongly not paid overtime under the FLSA.

26. Plaintiff estimates that there are dozens, if not hundreds, of members of the FLSA Collective Class who have been affected by Defendants' improper policies and practices, based upon the number of current employees of Defendants, the number of work locations maintained by Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants' employees in the last three years. It would be impractical to join all of those employees and former employees in this action.

27. The precise number of persons in the FLSA Collective Action Class can be easily identified and located using Defendants' timesheets, payroll, time records and other personnel records.

28. Given the composition and size of the FLSA Collective Class, potential opt-in class members may be informed of the pendency of this Collective Action by text message, direct mail and email.

29. Plaintiff's claim for unpaid overtime wages is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members she seeks to represent via class in that:

    (a) Plaintiff and similarly situated employees worked for Defendants as home Direct Service Workers and performed the same or substantially the same job duties and were subject to the same job scheduling policies and payment practices. Plaintiff is personally aware that other similarly situated employees of Defendants performed the same or substantially the same job duties as Plaintiff, worked in excess of 40 hours per week and were not paid overtime due to Defendants' uniform policy of not paying these employees overtime.

    (b) Due to Defendants' intentional failure to pay Plaintiff and similarly situated employees for time that they knew was considered compensable under the FLSA, Defendants have deliberately and willfully failed to pay these employees at a rate of pay equal to the federally-mandated overtime wages for all hours worked in excess of 40 per week.

    (c) Although the number of hours worked by Plaintiff and the proposed FLSA Collective Plaintiffs may differ, the payment scheme of failing to pay care givers overtime for hours worked in excess of 40 per week was applied to all home caregiver employees who worked for Defendants and the hours each employee worked should be readily determinable by review of Defendants' records.

      (d)      Accordingly, Plaintiff is in the best position to represent all members of the FLSA Collective Action Class as a whole.

30. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Action Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

31. Plaintiff requests that the Court authorize notice to the FLSA Collective Action Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## FACTUAL ALLEGATIONS

32. From approximately 2020 until 2023 Plaintiff began working for Defendants as a Direct Service Worker.

33. Her hourly rate of pay as a Direct Service Worker was $10.00.

34. While working for Defendants, Plaintiff worked in excess of 40 hours per week performing services for Defendants' clients.

35. However, despite the fact that Plaintiff worked in excess of 40 hours per week as a Direct Service Worker for Defendants, she was not and has not been properly paid overtime for all hours she worked in excess of 40 per week.

## CAUSES OF ACTION

## COUNT I:  FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. All previous paragraphs are incorporated as though fully set forth herein.

37. As a result of Defendants' payment and scheduling policy whereby it did not pay Plaintiff or similarly situated employees overtime for all hours worked in excess of 40 hours per week for Defendants, Plaintiff and the FLSA Collective Action Plaintiffs have been deprived of federally mandated overtime pay.

38. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the FLSA Collective Action Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

39. At all times material hereto, Defendants have failed to maintain proper time records as mandated by the FLSA.

40. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and FLSA Collective Action Plaintiffs at a rate equal to one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 hours per week when it knew, or should have known, such was and is due.

41. Defendants have failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Plaintiffs  of their rights under the FLSA.

42. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Plaintiffs have suffered lost compensation for time worked over 40 hours per week, plus liquidated damages.

43. Plaintiff and the FLSA Collective Action Plaintiffs are also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## ATTORNEY'S FEES

44. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the collective action plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

## CONSENT

45. Plaintiff's consent to file this Complaint is evidenced by her signatures on the FLSA Consent Form that is attached hereto as Exhibit "A."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the FLSA Collective Action Plaintiffs pray that judgment be entered in their favor and against Defendants, Care and Development Center, Inc., Gilbert Charles and Laverne King;

   a. Declaring that Defendants' actions of failing to pay to Plaintiff and the FLSA Collective Action Plaintiffs time and one-half their regular rate of pay for all of the hours they worked in excess of 40 per week is in violation of the FLSA;

   b. Enjoining Defendants from continuing to pay Direct Service Workers in violation of the FLSA;

   c. Awarding Plaintiff and the FLSA Collective Action Plaintiffs all unpaid

overtime pay to which they are entitled;

d. Awarding Plaintiff and the FLSA Collective Action Plaintiffs an equal amount in liquidated damages for the overtime they were owed; and

e. Awarding Plaintiff and the FLSA Collective Action Plaintiffs reasonable attorneys' fees and costs.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
mjackson@jackson-law.net
Plaintiff and the FLSA Collective Action Plaintiffs

**PLAINTIFF WILL REQUEST**
**THAT DEFENDANTS WAIVE SERVICE**